## Rufus A. Tenney & wife *vs.* Simon Tuttle.

In an action for an injury received from a collision of carriages in the highway, in which the negligence alleged against the defendant consisted in leaving his horses on his own land near the highway, without being tied or under the charge of any person, evidence that the defendant was a careful, prudent and cautious man is inadmissible to negative the want of ordinary care on his part.

Tort for an injury received from a collision of carriages in the highway. At the trial in the superior court the plain-

16 *

tiffs offered evidence tending to prove, that the defendant left his horses, harnessed to a wagon, standing on his own land within about fifteen feet of his house and within the enclosure adjoining the same, without being tied, or under the charge of any person; and went into the house, out of sight of the horses, to give directions to the workmen employed therein; and that the horses started and ran into the road and against the wagon in which the plaintiffs were riding, and thereby injured the female plaintiff. The defendant offered evidence tending to control and vary this evidence of the plaintiff, and also offered to show his own character as a careful, prudent and cautious man, as bearing on the question of whether he used ordinary care on this occasion. To this last the plaintiffs objected, and *Morton,* J., rejected the evidence. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*G. M. Brooks,* for the defendant, cited *Adams* v. *Carlisle,* 21 Pick. 146; *Baldwin* v. *Western Railroad,* 4 Gray, 333.

*W. P. Webster,* (*B. F. Butler* with him,) for the plaintiffs.

METCALF, J. This action is brought to recover damages for an injury caused by reason of the negligence of the defendant, and can be supported only by proof of such want of care as constitutes actionable negligence. At the trial the only fact offered in proof of the alleged cause of action was the defendant's leaving his horses, that were harnessed to a wagon, standing on his land near his house, without tying them or leaving them under the charge of any other person. The verdict shows that this fact, though there was conflicting testimony concerning it, was found by the jury, and that they also found that it was legal proof of such want of care as rendered the defendant liable for the injury sustained by the female plaintiff. And the court are of opinion that evidence of the defendant's being a careful, prudent and cautious man was not admissible for the purpose of showing that he used, in this instance, such care of his horses as the law requires in order to exempt him from responsibility for the mischief produced by their escape into the highway. When the precise act or omission of a defendant is proved, the question whether it is actionable negligence is to be decided by

the character of that act or omission, and not by the character for care and caution that the defendant may sustain.

If such evidence as was offered and rejected at the trial is ever admissible, in a case like this, we incline to the opinion that it is only when the plaintiff attempts to prove the defendant's negligence by merely circumstantial evidence, or, perhaps, by witnesses shown to be of doubtful veracity. These exceptions do not show, nor was it suggested in argument, that the excluded evidence was admissible on either of these grounds. See 1 Greenl. Ev. § 54; Wills on Circumstantial Ev. 131; *Townsend* v. *Graves,* 3 Paige, 455; *Gough* v. *St. Johns,* 16 Wend. 646.                                    *Exceptions overruled*